# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| **RHONDA HAWKS,**<br><br>                    **Plaintiff,**<br><br>v.<br><br>**THE PNC FINANCIAL SERVICES GROUP INC., and**<br><br>**THE PNC FINANCIAL SERVICES GROUP, INC. AND AFFILIATES LONG-TERM DISABILITY PLAN,**<br><br>                    **Defendants.** | Civil Action No. <u>3:21-cv-46-RGJ</u><br><br>**COMPLAINT** |

## Introduction

1.      This complaint seeks legal and equitable damages arising from and relating to a long-term disability plan administered and funded by Defendants.

2.      The headings contained in this complaint are intended only to assist in reviewing the statements and allegations contained herein.  To avoid the unnecessary repetition in each section, Plaintiff hereby affirms and incorporates each paragraph in each section of this complaint as though fully set forth therein.

3.      The factual allegations found in this complaint are not exhaustive, and are presented throughout this complaint so as to provide the requisite notice of the basis for Plaintiff's allegations.

## Jurisdiction & Venue

4.      This Court has subject matter jurisdiction over the claims asserted in this action for monetary and equitable relief under Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §

1132(e)(1) and § 1132(f).

5. Venue is appropriate in the United States District Court for the Western District of Kentucky pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391.

## Parties

6. Plaintiff Rhonda Hawks ("Ms. Hawks") is a citizen of the United States, a resident of the Commonwealth of Kentucky, and an insured participant under the long-term disability insurance policy and life insurance policy ("Policies") at issue in this lawsuit.

7. Defendant The PNC Financial Services Group, Inc. ("PNC") is a for-profit corporation doing business in the Commonwealth of Kentucky and the Plan Sponsor and Plan Administrator of the Plan at issue in this lawsuit.

8. Defendant The PNC Financial Services Group, Inc. and Affiliates Long Term Disability Plan ("PNC Plan") is a welfare benefit plan administered in and providing benefits to participants residing within the Commonwealth of Kentucky.

## Facts

9. Ms. Hawks was employed by PNC and participated in the PNC Plan.

10. Among other benefits, the PNC Plan provides a long-term disability monthly income benefit, which is funded by PNC.

11. Claims for benefits under the PNC Plan are administered by Lincoln Life Assurance Company of Boston ("Lincoln").

12. Ms. Hawks ceased work in April 2018 because of the physical limitations resulting from her disabling conditions and corresponding treatment regimen.  Subsequent to ceasing work, Ms. Hawks has remained continuously disabled and unable to physically perform the duties necessary to engage in either her prior employment or any gainful employment.

13. PNC, through Lincoln, agreed Ms. Hawks was disabled and provided her with

disability benefits under the PNC Plan through January 6, 2020.

14. In a letter dated January 6, 2020, Lincoln notified Ms. Hawks that her disability benefits under the Plan had been terminated.

15. At the time her disability benefits were terminated, Ms. Hawks' disabling conditions had not improved and her corresponding treatment regimen had not changed.

16. The termination of Ms. Hawks' disability benefits was flawed for a number of reasons, including, *inter alia*:

- Lincoln failed to establish any improvement in Ms. Hawks' functional limitations.

- Lincoln failed to discuss, let alone conduct any investigation of Ms. Hawks' award of Social Security Disability Income ("SSDI") benefits—in violation of ERISA's claim regulations.[1]

- Lincoln ignored the *actual* duties of Ms. Hawks' occupation.

17. In administering Ms. Hawks' claims, as the termination letters make clear, PNC and Lincoln actively sought to terminate her disability benefits.

18. Ms. Hawks timely appealed Lincoln's decision.

19. On November 12, 2020, Lincoln finally issued its appeal decision in which it upheld the decision to terminate Ms. Hawks' disability benefits.

20. The appeal decision was flawed for a number of reasons, including, *inter alia*:

- Lincoln again failed to establish any improvement in Ms. Hawks' functional limitations.

- Lincoln again ignored the *actual* duties of Ms. Hawks' occupation—conceding the "physical demands of the job are unknown."

- Lincoln provided a conclusory statement for its disagreement with Ms.

---

[1] *See* 29 CFR 2560.503-1(g)(1)(vii)(A)(iii) (An adverse disability determination requires "an explanation for the basis for disagreeing with or not following…a disability determination regarding the claimant presented by the claimant to the plan made by the Social Security Administration.").

>> Hawks' award of SSDI benefits.
>
> - Lincoln accepted the opinion of non-examining record reviewers over those who had treated and examined Ms. Hawks.
>
> - Lincoln failed to explain why it disagreed with Ms. Hawks' treating and examining physicians.[2]

21. Lincoln was *not* delegated discretionary authority to render any decision regarding Ms. Hawks.

22. Ms. Hawks has met and continues to meet the requirements of the PNC Plan necessary to continue receiving disability benefits.

23. At all times relative hereto, PNC has been operating under an inherent and structural conflict of interest because any disability benefits provided to Ms. Hawks are paid from PNC's own assets with each payment depleting those same assets.

24. PNC's corporate culture pressures claims personnel to terminate claims as well as to deny appeals in order to reduce disability benefits it must provide.

25. Ms. Hawks has exhausted her administrative remedies.

26. Ms. Hawks' complaint is timely and is not otherwise time barred.

27. The Plan does not permit PNC to delegate any discretion to Lincoln, or any other entity.

## Claims

**A.    Breach of Contract**

28. The Plan constitutes a written contract.

29. PNC breached the terms of the Plan by, among other things, improperly

---

[2] *See* 29 CFR 2560.503-1(j)(6)(i)(A) ("A discussion of the decision, including an explanation of the basis for disagreeing with or not following … The views presented by the claimant to the plan of health care professionals treating the claimant and vocational professionals who evaluated the claimant.").

terminating Ms. Hawks' disability benefits.

30. PNC's breaches damaged Ms. Hawks, not only in the loss of her disability benefits, but also the loss of other Plan benefits, the loss of earnings on the unpaid benefits, the loss of opportunity, and attorneys' fees and costs incurred.

31. 29 U.S.C. §§1132(a) is the enforcement mechanism permitting Ms. Hawks to enforce the contractual terms of the Plan, to receive reinstatement and payment of past-due disability benefits, to obtain declaratory relief, and to obtain other appropriate equitable relief including, but not limited to, surcharge, make-whole relief, and disgorgement.

**B.    Attorneys' Fees & Costs**

32. As a result of PNC's improper conduct, Ms. Hawks has incurred attorneys' fees and costs.

33. 29 U.S.C. §1132(g) is the enforcement mechanism permitting Ms. Hawks to recover her reasonable attorneys' fees and costs.

### Prayer for Relief

34. Ms. Hawks requests the Court enter judgment in her favor and against PNC on all claims asserted herein, to include legal and equitable relief as appropriate.

35. Ms. Hawks requests the Court award reasonable attorneys' fees and costs.

36. Ms. Hawks requests the Court award pre- and post-judgment interest at the greater of the prime rate, the policy rate, or the rate earned by PNC on the unpaid benefits.

37. Ms. Hawks requests the Court award any and all other legal or equitable relief to which she may be entitled.

38. Ms. Hawks requests leave to amend her claims when and as necessary to ensure she receives substantial justice.

39. Ms. Hawks requests the Court deem her pleadings to confirm to the evidence.

\* \* \* \* \* \* \* \* \* \*

Dated:  January 26, 2021				Respectfully submitted,

						s/ Andrew M. Grabhorn

						**Grabhorn Law | Insured Rights®**
						Michael D. Grabhorn
						*m.grabhorn@grabhornlaw.com*
						Andrew M. Grabhorn
						*a.grabhorn@grabhornlaw.com*
						2525 Nelson Miller Parkway, Suite 107
						Louisville, KY  40223
						p: (502) 244-9331
						f: (502) 244-9334

						***Counsel for Plaintiff Rhonda Hawks***